Case 4:19-cr-00239-P   Document 1   Filed 07/25/19   Page 1 of 4   PageID 1

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 25 2019

CLERK U.S. DISTRICT COURT
By: _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:19-MJ-591 |
| JOSE ZAPATA (01)<br>EDWARDO ZAPATA JR. (02) | |

CRIMINAL COMPLAINT

On or about July 24, 2019, in the Fort Worth Division of the Northern District of Texas, defendants **Jose Zapata** and **Edwardo Zapata Jr.**, aiding and abetting each other, each defendant knowing he was an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, knowingly and unlawfully possessed in and affecting commerce firearms.

In violation of 18 U.S.C. §§ 922(g)(3) and 2.

I, Special Agent A. Alexander, your affiant, state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), assigned to the Fort Worth Field Office, in the Dallas Field Division. This affidavit is based information provided by ATF Special Agent Mark Feltz, and other sworn law enforcement officers. The information set forth in this affidavit is not intended to detail each and every fact and circumstance of the investigation, or all information known to me or others in this investigation. Rather, this affidavit sets forth facts to establish probable cause to believe **Jose Zapata** and **Edwardo Zapata Jr.**, aiding and abetting each other, each defendant knowing he was an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, knowingly and unlawfully possessed in and affecting commerce firearms.

1. On July 24, 2019, members of the Tarrant County Sheriff's department observed a silver Nissan vehicle traveling above the speed limit and initiated a traffic stop. The driver of the vehicle was **Jose Zapata**, and the passenger was his brother **Edwardo Zapata Jr.** During the stop, the officer smelled the strong odor of marijuana coming from the vehicle, and initiated a search of the vehicle for illegal drugs. During the search, officers discovered 2 grams of cocaine on the front passenger side of the vehicle, and a loaded 9mm pistol. Nine additional firearms were discovered in the trunk of the vehicle. The following is a description of the firearms located in the vehicle:

Criminal Complaint – Page 1

1. Palmetto State Armory, model PA-15, MULTI caliber pistol, with serial number PA179796.
2. Anderson Manufacturing, model AM-15, MULTI caliber pistol, with serial number 17132985.
3. Rock Island Armory, model 1911A1, pistol, with serial number RIA1700038.
4. Anderson Manufacturing, model AM-15, MULTI caliber rifle, with serial number 14147121.
5. DPMS, model A-15, .223 caliber rifle, with serial number FH233796.
6. Anderson Manufacturing, model AM-15, MULTI caliber rifle, with serial number 18214219.
7. Palmetto State Armory, model PA-15, MULTI caliber rifle, with serial number LW164859.
8. Eagle Arms, model EAGLE-15, MULTI caliber rifle, with serial number M22-33650.
9. Anderson Manufacturing, model AM-15, MULTI caliber rifle, with serial number 16064569.
10. Smith & Wesson, model SD9VE, 9mm pistol, with serial number FBM1947.

2. After being advised of their Miranda rights, both **Jose Zapata** and **Edwardo Zapata Jr.** agreed to waive their rights and speak with officers. Both individuals admitted to being users of cocaine, with **Jose Zapata** stating he had last used cocaine within the previous week, and **Edwardo Zapata Jr.** stating that he used cocaine approximately three to four months earlier.

3. ATF Special Agent Mark Feltz responded to the scene, and interviewed both **Jose Zapata** and **Edwardo Zapata Jr.** Both told conflicting stories about when the firearms were acquired. **Jose Zapata** stated three of the firearms belonged to him, and the rest belonged to his brother, **Edwardo Zapata Jr. Jose Zapata** stated he and **Edwardo Zapata Jr.** had purchased the firearms together that day. **Edwardo Zapata Jr.** stated all the firearms belonged to him alone, and initially stated the firearms had been acquired from several sources over the preceding weeks, but later stated all the firearms had been purchased that day.

4. **Jose Zapata** stated he has used cocaine at least once a month, and as often as twice a week, since he was a teenager, making him a current and prolonged user of a controlled substance. **Jose Zapata** stated he has difficulty reading, but had attempted to purchase a firearm from a pawn shop the previous Saturday. He stated he had not acquired the firearm because the background check had not been completed, but was told he could return to get the firearm on July 25, 2019.

5. **Edwardo Zapata Jr.**, initially stated he last used cocaine approximately three to four months prior to this incident, and prior to that he had used cocaine approximately one or two times a month, making him a current and prolonged user of a controlled substance. **Edwardo Zapata Jr.** repeatedly claimed he had not used cocaine in the previous three to four months. He stated he had purchased at least three firearms from gun stores over the previous four years. He stated he had purchased a rifle when working in West Virginia, several years earlier, and had purchased a "nine millimeter" and an "AK-47" the previous month, at "J&P" pawn shop, in east Dallas. After being questioned about the acquisition of the firearms, and the intended use of the firearms, **Zapata Jr.** stated he no longer wanted to speak with Special Agent Feltz, and the interview was stopped.

6. Several minutes later, Special Agent Feltz was informed that **Edwardo Zapata Jr.** had asked to speak with him again. Special Agent Feltz returned to speak with **Edwardo Zapata, Jr.** who stated he had last used cocaine approximately one month prior to this incident, and the two grams of cocaine found in the vehicle belonged to him. He stated he had intended to use the cocaine to help stay awake during the drive home, from the Dallas area to his home in Los Fresnos, Texas.

7. Special Agent Feltz has not physically examined the firearms, but was provided descriptions of the firearms. Special Agent Feltz has been trained in determining whether firearms have travelled in or affected interstate commerce, and has previously testified as an expert witness regarding interstate nexus, in both the Northern District of Texas, and the District of Colorado. Based on the descriptions of the firearms, including viewing photographs taken of the firearms, Special Agent Feltz determined the ten firearms seized from **Jose Zapata** and **Edwardo Zapata Jr.**, had travelled in, or affected, interstate commerce, prior to being recovered in this investigation.

Based upon the above facts and circumstances, I respectfully submit there is probable cause to believe that believe **Jose Zapata** and **Edwardo Zapata Jr.**, aiding and abetting each other, each defendant knowing he was an unlawful user of a controlled substance as defined in 21 U.S.C. § 802, knowingly and unlawfully possessed in and affecting commerce firearms. All in violation of 18 U.S.C. §§ 922(g)(3) and 2.

_____
Special Agent A. Alexander
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn and Subscribed to before me this __25__ day of July, 2019 at _11:10_ a.m. in Fort Worth, Texas.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE